900 So.2d 272 (2005)
SUCCESSION OF Elizabeth Annette Swift McCullin TERRAL.
No. 39,554-CA.
Court of Appeal of Louisiana, Second Circuit.
April 6, 2005.
*273 Bleich & Burnett, APLC by G. Wade Burnett, for Appellant Richard Lynn Swift.
James R. Pettway, West Monroe, for Appellee Becky Risinger.
Hayes, Harkey, Smith & Cascio by Thomas M. Hayes, III, Monroe, for Intervenor Russell Woodard.
Before STEWART, GASKINS and CARAWAY, JJ.
GASKINS, J.
This dispute concerns the last will and testament of the decedent, Elizabeth Annette Swift McCullin Terral. Richard Lynn Swift, the decedent's brother, appeals from the granting of a motion for summary judgment which rejected his petition to reopen his sister's succession and to annul the judgment in favor of the decedent's cousin, Becky Risinger. For the following reasons, we affirm.

FACTS
Ms. Terral, a domiciliary of Lincoln Parish, Louisiana, executed a notarial will on August 25, 2000. She left to John E. Meadows approximately 22 acres of land in Lincoln Parish; a house and its contents; one-half of all stocks and revenues held by the decedent at A.G. Edwards & Sons, Inc.; and one-half of all cash deposits held by her at Louisiana Capitol Federal Credit Union.
Ms. Terral left her brother, Mr. Swift, any immovable property inherited by her from her father or which she stood to inherit from her mother. The property left to Mr. Swift had been disposed of prior to the decedent's death.
Ms. Terral named Ms. Risinger the executrix of the estate and bequeathed to her one-half of all stocks held by the decedent at A.G. Edwards & Sons, Inc.; one-half of all cash deposits held by the decedent at Louisiana Capital Federal Credit Union; all cash deposits at Community Trust Bank; and any vehicle owned by the decedent at the time of her death. The will also contained the following provision bequeathing to Ms. Risinger:
All and any property that I own at my death which is not left to others in the *274 Will or that is not left to others whom I have named in writing as beneficiaries to those retirement benefits or other property.
Mr. Meadows predeceased Ms. Terral on December 15, 2002. Ms. Terral died February 28, 2003. Ms. Risinger filed a petition for possession on May 2, 2003. According to Ms. Risinger, because Mr. Meadows predeceased Ms. Terral, the legacy to him lapsed. Therefore, under the provision of the will quoted above, Ms. Risinger became the universal legatee of all the property held by Ms. Terral at her death. The total net value of the estate is $285,579.89. On May 2, 2003, a judgment of possession was entered by the trial court, recognizing Ms. Risinger as the universal legatee and putting her into possession of all the decedent's property.
On June 26, 2003, Mr. Swift filed a petition to reopen the succession and annul the judgment of possession. He disputed the finding that Ms. Risinger was a universal legatee. He argued that those bequests leaving one-half of the stocks and bank accounts to Mr. Meadows and one-half to Ms. Risinger were legacies under universal title which fall intestate when they lapse. He contended that because the legacy to Mr. Meadows lapsed, and because lapsed legacies were not conveyed to Ms. Risinger under the terms of the will, the bequest to Mr. Meadows falls intestate.
On November 14, 2003, Russell A. Woodard, the attorney who represented Ms. Risinger in obtaining the judgment of possession, intervened in the proceedings. On November 24, 2003, a motion for summary judgment was filed on behalf of Mr. Woodard, arguing that the law no longer recognizes legacies under universal title. When the bequest in favor of Mr. Meadows lapsed, there was accretion in favor of Ms. Risinger.
On May 21, 2004, the trial court granted summary judgment dismissing the petition to reopen the succession and annul the judgment of possession. In reasons for judgment, the court stated that the issue was whether the lapsed legacies to Mr. Meadows fell to Ms. Risinger as universal legatee or whether they passed intestate. According to the court, it was clear from the disputed provision that the testator intended for Ms. Risinger to have whatever property was left after dispositions to particular legatees. The court found that the lapsed legacies passed to Ms. Risinger through accretion. Mr. Swift appealed.

SUMMARY JUDGMENT
Mr. Swift argues that the sole issue on appeal is whether there is a genuine issue of material fact as to how Ms. Terral intended for lapsed legacies to be handled under the terms of her will. He contends that the trial court erred by failing to address this issue since the judgment did not contain language stating that there was no genuine issue of material fact, but instead rendered a decision on the merits. Mr. Swift urges that because the trial court failed to determine whether there was a genuine issue of material fact, there is no determination before the court for review. He argues that the matter should be remanded to the trial court for a decision on this issue. Even though the trial court opinion may not contain a statement that it found no genuine issue of material fact, the decision and reasoning for the decision show that this was wholly an issue of law.
In the alternative, Mr. Swift contends that there is a genuine issue of material fact in this case as to the intent of the decedent. He argues that the clause in the will did not evidence an intent for lapsed legacies to go to Ms. Risinger. In support of his contention, Mr. Swift cites a portion *275 of a deposition given by Ms. Risinger regarding how she thought the testator intended for the lapsed legacies to Mr. Meadows to be handled. Because Mr. Swift contends that there is a genuine issue of material fact regarding the decedent's intent to name Ms. Risinger as a universal legatee, he claims that summary judgment was improvidently granted. He argues that the intent of the testator should be determined after a trial on the merits. We find both of these arguments to be without merit.
The motion for summary judgment is a procedural device to avoid a full-scale trial when there is no genuine issue of material fact. Brown v. International Paper Co., 38,892 (La.App.2d Cir.9/22/04), 882 So.2d 1228, writ denied, 2004-2865 (La.1/28/05), 893 So.2d 78. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except certain domestic actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2); Racine v. Moon's Towing, 2001-2837 (La.5/14/02), 817 So.2d 21. When a testator's intent is at issue, the court must first determine whether the language in the testament is clear. La. C.C. art. 1611. This determination is made on the "four corners" of the testament and is a question of law. Because this is a question of law and not of fact, the issue is ripe for disposition by summary judgment.

Discussion
The question before the court is whether the disputed clause in the will is a universal legacy in favor of Ms. Risinger under which the lapsed legacies to Mr. Meadows would pass to her.
Testamentary dispositions are particular, general, or universal. La. C.C. art. 1584. A universal legacy is a disposition of all of the estate, or the balance of the estate that remains after particular legacies. La. C.C. art. 1585.
A general legacy is a disposition by which the testator bequeaths a fraction or a certain proportion of the estate, or a fraction or certain proportion of the balance of the estate that remains after particular legacies. In addition, a disposition of property expressly described by the testator as all, or a fraction or a certain proportion of one of the following categories of property, is also a general legacy: separate or community property, movable or immovable property, or corporeal or incorporeal property. This list of categories is exclusive. La. C.C. art. 1586.
A legacy that is neither general nor universal is a particular legacy. La. C.C. art. 1587. The comments to La. C.C. art. 1587 provide that the disposition of ownership of a specified asset to multiple legatees by fractions ("one-half of the Jones Road farm to A and one-half to B") is a particular legacy, because it is a disposition of a certain object. That classification is not altered by the fact that the testator assigns a fractional interest in the thing to each legatee. A disposition of a right or interest in a certain object or a sum of money should also be classified as a particular legacy.
According to the law, the legacies to Mr. Meadows were particular legacies. It is undisputed that Mr. Meadows predeceased Ms. Terral and therefore the legacies to him lapsed.
Testamentary accretion takes place when the legacy lapses. Accretion takes place according to the testament, or, in the absence of a governing testamentary provision, according to the provisions in the Louisiana Civil Code. La. C.C. art. 1590.
*276 When a particular or general legacy lapses, accretion takes place in favor of the successor who, under the testament, would have received the thing if the legacy had not been made. La. C.C. art. 1591.
If a legatee, joint or otherwise, is a child or sibling of the testator, or a descendant of a child or sibling of the testator, then to the extent that the legatee's interest in the legacy lapses, accretion takes place in favor of his descendants by roots who were in existence at the time of the decedent's death. The provisions of this Article shall not apply to a legacy that is declared invalid or is declared null for fraud, duress, or undue influence. La. C.C. art. 1593. In this matter, Mr. Meadows was not a child or sibling of the testator, therefore accretion does not take place in favor of his descendants.
All legacies that lapse, and are not disposed of under the preceding Articles, accrete ratably to the universal legatees. When a general legacy is phrased as a residue or balance of the estate without specifying that the residue or balance is the remaining fraction or a certain portion of the estate after the other general legacies, even though that is its effect, it shall be treated as a universal legacy for purposes of accretion under this article. La. C.C. art. 1595.
As stated above, in the present case, Ms. Terral included in her testament the following provision leaving to Ms. Risinger:

All and any property that I own at my death which is not left to others in the Will or that is not left to others whom I have named in writing as beneficiaries to those retirement benefits or other property. [Emphasis supplied.]
La. C.C. art. 1611 provides in pertinent part:
A. The intent of the testator controls the interpretation of his testament. If the language of the testament is clear, its letter is not to be disregarded under the pretext of pursuing its spirit. The following rules for interpretation apply only when the testator's intent cannot be ascertained from the language of the testament. In applying these rules, the court may be aided by any competent evidence.
The language of the clause in Ms. Terral's will is clear. Therefore, the rules for interpretation of testaments and the introduction of evidence were not required. According to the pertinent terms of Ms. Terral's testament, any property she owned at her death not left to others in the will was bequeathed to Ms. Risinger. This bequest of the category of all property not left to others was a universal legacy under La. C.C. art. 1585 rather than a general legacy.[1] Under the applicable legal provisions, the lapsed particular legacies to Mr. Meadows are as though they had not been made. Therefore, the lapsed legacies to Mr. Meadows passed to Ms. Risinger as the universal legatee.
Motions for summary judgment are aimed at deciding issues of law. The trial court in this case was presented with a legal issue rather than a factual dispute. The wording of the will is clear and since Ms. Terral's intent can be determined from that clause, no other evidence is admissible. The intervenor is entitled to summary judgment as a matter of law. The trial court properly disposed of the issue before it by granting summary judgment in favor of the intervenor.

*277 CONCLUSION
For the reasons stated above, we affirm the trial court ruling granting the motion for summary judgment filed by the intervenor, Russell A. Woodard, dismissing the claims of Richard Lynn Swift, to reopen his sister's succession and annul the judgment of possession in favor of Becky Risinger. Costs in this court are assessed to Richard Lynn Swift.
AFFIRMED.
NOTES
[1] This language would not qualify as a general legacy because the testator neither bequeathed a certain portion or fraction of the estate nor did she bequeath all or a certain fraction or proportion of separate or community property, movable or immovable property, or corporeal or incorporeal property.