GASKINS, J.
|-iThe plaintiff, Dr. James Earl McConnell, appeals from a trial court decision granting summary judgment in favor of the defendants and dismissing the plaintiffs claim of entitlement to an ownership interest in property formerly belonging to his deceased grandmother. For the following reasons, we affirm.
FACTS
The plaintiff is the son of Alneicia Phillips McConnell.[1] When his mother married his father, Jeffers McConnell, in 1936, she listed her age as 22. Therefore, she would have been born in 1913 or 1914. Alneicia’s mother was Fannie Dimmer. In 1916, Fannie Dimmer married John Dorsey. Their marriage license reflects that Fannie did not have a former husband. At least one child was born of this marriage. The defendants are the descendants of Fannie’s legitimate offspring. The defendants are Louis Dorsey, Georgia Dorsey, Jimmie Lewis Dorsey, Dorothy Dorsey, Ethel Mae Irvin, and Tammie .Maude Williams.
Although it is not clear from the record, it appears that, at some point, Fannie Dimmer Dorsey died and passed an interest in an 80-acre tract of land in Jackson Parish to her heirs. According to the plaintiff, his mother’s half-brother, Johnny Dorsey, claimed that Alneicia was illegitimate and left her out of the partition of Fannie’s estate in 1972. At that time, the law | ¡^provided that natural children inherited nothing from their natural mother if she had lawful children or descendants.[2]
The plaintiff brought the present suit on April 2, 2004, asserting that a child cannot be illegitimate as to its mother. The plaintiff urged that the defendants are in bad faith possession of the property. He claimed ownership of an undivided .13393 interest in the land and sought a partition by licitation.
The defendants filed a motion for summary judgment asserting that in 1972, when the property was passed from Fannie Dorsey, her illegitimate daughter, Alneicia, was not entitled to inherit because Fannie had legitimate children. The defendants recognized that Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), found that discrimination against illegitimates was unconstitutional. However, the defendants maintained that this decision was not retroactive.
In support of their claim that Alneicia was illegitimate, they attached a copy of the marriage license between Fannie Dimmer and John Dorsey in 1916 in which *407 Fannie indicated that she did not have a former husband. The defendants also attached the marriage license of Mander Dorsey, the son of Fannie and John Dorsey born after their marriage, to show that he was legitimate.
| sIn opposition to the motion for summary judgment, the plaintiff attached the affidavit of Benjamin Middleton who claimed that his grandparents lived in Galveston, Texas in 1912 or 1913 and that they witnessed a wedding ceremony there between Matthew Phillips and Fannie Dimmer in which they “jumped over a stick” and were declared married. Mr. Middleton claimed that the wedding was recorded in the family Bible, which was destroyed in a house fire in 1932.
The matter came before the court for hearing on July 14, 2005. On September 1, 2005, the trial court granted summary judgment in favor of the defendants, dismissing the plaintiffs claim. The plaintiff appealed.
LEGAL PRINCIPLES
The motion for summary judgment is a procedural device to avoid a full-scale trial when there is no genuine issue of material fact. Succession of Terral, 39,554 (La. App. 2d Cir.4/6/05), 900 So.2d 272. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law; the procedure is favored and shall be construed to accomplish those ends. La. C.C.P. art. 966(A)(2); Succession of Conville v. Bank One, Louisiana, N.A., 40,506 (La.App. 2d Cir.1/25/06), 920 So.2d 397. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Succession of Conville, supra.
^However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. The party opposing summary judgment cannot rest on the mere allegations or denials in his pleadings, but must show that he has evidence which, if believed, could satisfy his evidentiary burden of proof at trial. If he has no such evidence, then there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2); Mosley v. Temple Baptist Church of Ruston, Louisiana, Inc., 40,546 (La.App. 2d Cir.1/25/06), 920 So.2d 355.
DISCUSSION
The plaintiff argues that the defendants had the burden of proving that Alneicia was illegitimate. According to the plaintiff, if the defendants established that fact, then the burden of proof would shift to the plaintiff to refute the evidence presented. The plaintiff contends that -there is a genuine issue of material fact regarding Alnei-cia’s illegitimacy. He claims that there is great difficulty in showing that a marriage took place .between Fannie Dimmer and Matthew Phillips in the early 1910s.
Here, the plaintiff argues that his mother was incorrectly excluded from the partition of his grandmother’s property due to her illegitimacy. As the plaintiff in this case, he bears the burden of proving that claim. In its ^motion for summary judgment, the defendants assert that the plaintiff cannot support that claim. They came forth with the affirmative evidence in *408 the form of Alneicia’s marriage license to Jeffers McConnell indicating that she was born in 1913 or 1914. The defendants also introduced the marriage license of Fannie Dimmer and John Dorsey showing that they were married in 1916 and Fannie denied having a former husband. Therefore, Alneicia was illegitimate.
The defendants then showed that Fannie and John Dorsey had at least one legitimate child. The defendants also established that, at the time of Fannie’s death, illegitimate children could not inherit from their natural mothers if the mother had legitimate children.[3]
The plaintiff does not argue that former La. C.C. art. 918 does not apply. Even though laws discriminating against illegitimates were declared unconstitutional by the United States Supreme Court in Trimble v. Gordon, supra, and by the Louisiana Supreme Court in Succession of Brown, 388 So.2d 1151 (La.1980), those rulings are given only limited retroactive effect to January 1, 1975, the effective date of the Louisiana Constitution of 1974. See Succession of Clivens, 426 So.2d 585 (La.1982); Harlaux v. Harlaux, 426 So.2d 602 (La.1983), cert. denied, 464 U.S. 816, 104 S.Ct. 74, 78 L.Ed.2d 86 (1983). Because Fannie died prior to the effective date of the Louisiana Constitution of 1974, Trim-ble and Brown are not applicable.
1 ^Accordingly, the defendants have shown that, under the law at the time that Fannie died, Alneicia, an illegitimate, could not inherit from her natural mother who had legitimate children. To successfully defend against the motion for summary judgment, the plaintiff then had the burden of proving that Alneicia was legitimate.
The plaintiff offered the affidavit of Benjamin Middleton asserting that his grandparents witnessed a wedding between Fannie Dimmer and Matthew Phillips in Texas in 1912 or 1913. Mr. Middleton asserted that he was born in 1924. Therefore, he had no first-hand knowledge of the marriage of Alneicia’s parents. La. C.C.P. art. 967 provides in pertinent part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.
The affidavit in this case is not made on personal knowledge. The plaintiff has offered no other proof of the legitimacy of his mother. Therefore, the plaintiff has failed' to show that his mother had a right to the disputed property. Accordingly, the trial court did not err in granting summary judgment in favor of the defendants.
CONCLUSION
For the reasons stated above, we affirm the decision of the trial court, granting summary judgment in favor of the defendants, Louis Dorsey, |7Georgia Dorsey, Jimmie Lewis Dorsey, Dorothy Dorsey, Ethel Mae Irvin, and Tammie Maude Williams, dismissing the claims of the plaintiff, James Earl McConnell. Costs in this court are assessed to the plaintiff.
AFFIRMED.

. The name of the plaintiffs mother is spelled numerous ways throughout the record. We choose to use the spelling from the plaintiffs petition.

. La. C.C. art. 918 provided:
Natural children are called to the legal succession of their natural mother, when they have been duly acknowledged by her, if she has left no lawful children or descendants, to the exclusion of her father and mother and other ascendants or collaterals of lawful kindred.
In case the natural mother has lawful children or descendants, the rights of the natural children are reduced to a moderate alimony, which is determined by the rules established in the title: Of Father and Child.

. Fannie’s succession proceedings are not contained in this- record, but obviously by 1972, the heirs were in possession and attempting to partition the disputed property.